## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ESTATE OF STEVEN TYREL ROSENTHAL, JR., Deceased, by TERINICA THOMAS, His Guardian and Independent Administrator of the Estate, | ) ) ) ) | Case No.  1:20-cv-04323 |
| | ) | Hon. Judge Gary Feinerman |
| **Plaintiff,** | ) ) | Magistrate Judge Beth W. Jantz |
| **v.** | ) ) |  JURY DEMAND |
| P.O. ADOLFO BOLANOS #16767, P.O. GUILLERMO GAMA #17268, P.O. CAROLINA OROZCO #15419, Individually, and the CITY OF CHICAGO, a Municipal Corporation, | ) ) ) ) ) ) | |
| **Defendants.** | ) | |

### FIRST AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiff, ESTATE OF STEVEN TYREL ROSENTHAL, JR., Decedent, by TERINICA THOMAS, his Guardian and Independent Administrator, by and through its attorneys, Gregory E. Kulis & Associates, Ltd., and complaining against the Defendants, P.O. ADOLFO BOLANOS #16767, P.O. GUILLERMO GAMA #17268, P.O. CAROLINA OROZCO #15419, individually, and the CITY OF CHICAGO, a municipal corporation, as follows:

### COUNT I – EXCESSIVE FORCE

1. This action is brought pursuant to the laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff, ESTATE OF STEVEN TYREL ROSENTHAL, JR., Decedent, accomplished by acts and/or omissions of the Defendants, P.O. ADOLFO BOLANOS #16767, P.O. GUILLERMO GAMA #17268, and P.O. CAROLINA OROZCO #15419, committed under color of law.

2.   Jurisdiction is based on Title 28 U.S.C. §1343 and §1331 and supplemental jurisdiction of the State of Illinois.

3.   The Plaintiff, STEVEN TYREL ROSENTHAL, JR., Decedent, a Minor, was at all relevant times a United States Citizen and resident of the State of Illinois.

4.   At all relevant times the Defendants, P.O. ADOLFO BOLANOS #16767, P.O. GUILLERMO GAMA #17268, and P.O. CAROLINA OROZCO #15419, were duly appointed Chicago Police Officers acting within the scope of their employment and under color of law.

5.   The City of Chicago is a statutory municipal corporation and the employer of the Defendants, P.O. ADOLFO BOLANOS #16767, P.O. GUILLERMO GAMA #17268, and P.O. CAROLINA OROZCO #15419.

6.   On August 17, 2018, the Decedent, STEVEN TYREL ROSENTHAL, JR., was in the vicinity of the 1500 Block of South Keeler Ave.

7.   The Defendants, P.O. ADOLFO BOLANOS #16767, P.O. GUILLERMO GAMA #17268, and P.O. CAROLINA OROZCO #15419 arrived in the vicinity based on a report of a man with a gun.

8.   Reportedly the Defendants started to chase the Decedent, a Minor, STEVEN TYREL ROSENTHAL, JR., who was scared.

9.   The Decedent, a Minor, STEVEN TYREL ROSENTHAL, JR., did not display a weapon.

10. The Decedent, a Minor, STEVEN TYREL ROSENTHAL, JR., did not threaten the Defendants with great bodily harm.

11.   The Decedent, a Minor, STEVEN TYREL ROSENTHAL, JR., did not shoot a weapon at Defendants.

12. The Defendants, P.O. ADOLFO BOLANOS #16767, P.O. GUILLERMO GAMA #17268, and P.O. CAROLINA OROZCO #15419, either shot the Decedent, a Minor, STEVEN TYREL ROSENTHAL, JR., or as a result of their actions seized him, causing his death by gunshot wound.

13. The Decedent, a Minor, STEVEN TYREL ROSENTHAL, JR., ultimately succumbed to his injuries and died.

14. The Defendants, P.O. ADOLFO BOLANOS #16767, P.O. GUILLERMO GAMA #17268, and P.O. CAROLINA OROZCO #15419, conspired together to cover up their actions in attempt to deprive the Plaintiff Estate from due process in prosecuting its claim.

15. At that time, the Defendants', P.O. ADOLFO BOLANOS #16767, P.O. GUILLERMO GAMA #17268, and P.O. CAROLINA OROZCO #15419, use of force was excessive, unreasonable, and unnecessary.

16. The actions of the Defendants, P.O. ADOLFO BOLANOS #16767, P.O. GUILLERMO GAMA #17268, and P.O. CAROLINA OROZCO #15419, were intentional, willful and wanton.

17. TERINICA THOMAS, the maternal aunt and Guardian of STEVEN TYREL ROSENTHAL, JR., a Minor, has sought to be named as Administrator of STEVEN TYREL ROSENTHAL, JR.'S Estate to redress the loss of STEVEN TYREL ROSENTHAL, JR.'S life.

18. The actions of the Defendants, P.O. ADOLFO BOLANOS #16767, P.O. GUILLERMO GAMA #17268, and P.O. CAROLINA OROZCO #15419, were pursuant to the customs, policies, and practices of the Chicago Police Department.

19.     The actions of the Defendants, P.O. ADOLFO BOLANOS #16767, P.O. GUILLERMO GAMA #17268, and P.O. CAROLINA OROZCO #15419, violated the Plaintiff's constitutional rights as protected by 42 U.S.C. § 1983.

20.     As a result of the actions of the Defendants, P.O. ADOLFO BOLANOS #16767, P.O. GUILLERMO GAMA #17268, and P.O. CAROLINA OROZCO #15419, the Decedent suffered permanent injuries, pain, suffering, monetary loss, emotional distress and loss of enjoyment of his life.

WHEREFORE, the Plaintiff, ESTATE OF STEVEN TYREL ROSENTHAL, JR., by his Guardian and Independent Administrator, prays for judgement against the Defendants, P.O. ADOLFO BOLANOS #16767, P.O. GUILLERMO GAMA #17268, and P.O. CAROLINA OROZCO #15419, jointly and severally for reasonable compensatory damages, punitive damages, plus attorney's fees and costs.

## COUNT II – MONELL POLICY/INJUNCTIVE RELIEF

1-18.   The Plaintiff hereby re-alleges and incorporates his allegations of Paragraphs 1-18 of Count I as his respective allegations of Paragraph 1-18 of Count II as though fully set forth herein.

19.     On July 23, 2019, Plaintiff initially filed this action to name the proper defendant in this action.

20.     The Plaintiff issued a subpoena to determine the identity of the officers. (Exhibit I).

21.     Rather than comply with any subpoena, the CITY OF CHICAGO has refused to comply with the subpoena for documents.

22.     The CITY OF CHICAGO responded that it was requiring a $45.00 subpoena fee for federal cases and $25.00 subpoena fee for state law cases. (See Exhibit II).

\                                          4

23.     The City of Chicago has relied on Federal Rule of Civil Procedure (F.R.C.P.) 45, saying it is entitled to a subpoena fee.

24.     F.R.C.P. 45 does not require a subpoena fee unless an appearance is necessary for a deponent.

25.     No appearance was requested of any deponent, only the production of documents.

26.     Irrespective of such, the CITY OF CHICAGO has a practice and policy to request a $45.00 fee for non-attendance subpoenas.

27.     The CITY OF CHICAGO, through its police department, requests more money for federal subpoenas than state court subpoenas to dissuade individuals from filing a federal claim.

28.     Most federal lawsuits against the CITY OF CHICAGO are employment discrimination actions or 42 U.S.C. § 1983 actions for police misconduct.

29.     Both employment discrimination actions and police misconduct actions are lawsuits to exercise an individual's constitutional rights.

30.     Said practice and policy of the CITY OF CHICAGO of charging $45.00 when the law does not prohibit it has hindered individuals from access to the courts.

31.     Said practice and policy of the CITY OF CHICAGO of charging $45.00 is an action by the CITY OF CHICAGO to deprive individuals from exercising and protecting their constitutional rights.

32.     The Plaintiff in this cause had a statute of limitations which was set to run on August 17, 2020.

33.     Plaintiff, in an effort to save its case before the statute of limitations ran, was forced to pay said subpoena fee.

34.     Said action in interfering with Plaintiff's access to the courts constitutes a violation of Plaintiff's constitutional right to access to the courts.

35.     Plaintiff is seeking a declaratory judgment that her rights to access to the courts has been interfered with and cost her additional efforts and money irrespective of F.R.C.P. 45.

36.     Plaintiff is entitled to an injunction prohibiting the Defendant CITY OF CHICAGO from continued illegal conduct in charging these fees.

37.     The Plaintiff is entitled to a declaratory judgment and injunctive relief as to the unlawful conduct of the CITY OF CHICAGO, plus attorney's fees and costs.

38.     Plaintiff has no adequate remedy at law but to file a suit to get $45.00 back plus the value and costs of their attorney's efforts.

39.     Plaintiff is seeking injunctive relief to prohibit the CITY OF CHICAGO from exercising this unlawful and unconstitutional policy.

WHEREFORE, the Plaintiff prays this Court grant a judgment in its favor and award the following relief:

a.  Enter a declaratory judgment in her favor;

b.  Enter an injunction against the CITY OF CHICAGO prohibiting this continued policy;

c.  Award attorney's fees and costs.

## COUNT III – CLASS ACTION

1-39.   The Plaintiff hereby re-alleges her allegations of Paragraph 1-39 of Count II as her allegations of Paragraph 1-39 of Count III as though fully set forth herein.

40.     It is quite clear that the CITY OF CHICAGO has a written practice and policy to demand $45.00 for documents when a federal subpoena is served upon it.

41.     There are numerous individuals who have served federal subpoenas upon the CITY OF CHICAGO, and based on the City's policy, paid $45.00 to the CITY OF CHICAGO.

42.     On information and belief, this policy has been in effect for over ten years.

43.     These individuals are entitled to return of any such payment made based on this unlawful policy.

44.     There is a class of potential individuals who have paid $45.00 for a document subpoena when in fact, under the law, they were not required to do so.

45.     The identity of those individuals are easily ascertainable through records of the CITY OF CHICAGO.

46.     Plaintiff can adequately represent the Class in that she was required to pay said sum to obtain documents despite F.R.C.P. not requiring such a fee.

47.     This designated class should cover a period of **ten** years.

WHEREFORE, the Plaintiff requests that this Honorable Court declare and certify this matter as a class action on behalf of those who have paid the $45.00 fee and award attorney's fees and costs.

## **COUNT IV – INDEMNIFICATION**

1-20.   The Plaintiff hereby re-alleges and incorporates her allegations of paragraphs 1-20 of Count I as her respective allegations of 1-20 of Count IV as though fully set forth herein.

21.     Illinois Law provides that public entities are directed to pay ant tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

22.     The Defendants, P.O. ADOLFO BOLANOS #16767, P.O. GUILLERMO GAMA #17268, and P.O. CAROLINA OROZCO #15419, are or were employees of the CITY OF CHICAGO Police Department.

23.     If the individual Defendants, P.O. ADOLFO BOLANOS #16767, P.O. GUILLERMO GAMA #17268, and P.O. CAROLINA OROZCO #15419, are found liable for any of the acts alleged above, the Defendant CITY OF CHICAGO would be liable to pay the Plaintiff any judgment obtained against said Defendants.

WHEREFORE, should the individual Defendants P.O. ADOLFO BOLANOS #16767, P.O. GUILLERMO GAMA #17268, and P.O. CAROLINA OROZCO #15419, be found liable for any of the acts alleged above, the Defendant CITY OF CHICAGO would be liable to pay the Plaintiffs any judgment obtained against the Defendants.

## **JURY DEMAND**

The Plaintiff, ESTATE OF STEVEN TYREL ROSENTHAL, JR., Decedent, by TERINICA THOMAS, his Guardian and Independent Administrator, hereby requests a trial by jury.

Respectfully submitted,

By:     */s/ Gregory E. Kulis*
            One of Plaintiff's Attorneys

**Gregory E. Kulis (No. 6180966)**
**Gregory E. Kulis & Associates, Ltd.**
**30 North LaSalle Street, Suite 2140**
**Chicago, Illinois 60602**
**p. (312) 580-1830 / f. (312) 580-1830**
**e. gkulis@kulislawltd.com**