UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TERINICA THOMAS, as Guardian and Independent Administrator of the ESTATE OF STEVEN TYREL ROSENTHAL, JR., Deceased, | ) ) ) ) | 20 C 4323 |
| Plaintiff, | ) ) | Judge Gary Feinerman |
| vs. | ) ) ) | |
| CITY OF CHICAGO, | ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

In her original complaint, Terinica Thomas, as independent administrator for the estate of her nephew Steven Tyrel Rosenthal, Jr., alleged excessive force claims against three unidentified Chicago police officers arising from the shooting death of Rosenthal. Doc. 1. Thomas amended her complaint under Civil Rule 15(a)(1)(A) to name the police officers, add an indemnification claim against the City of Chicago, and add a putative class claim against the City concerning its policy of charging a $45 fee to comply with a document subpoena issued by a federal court. Doc. 8. Defendants answered the amended complaint as to the excessive force claim, Docs. 20, 22, and the City moved to dismiss the subpoena fee claim, Doc. 21.

Thomas then filed motions to drop her excessive force claim and replead her subpoena fee claim, Docs. 35, 36, which the court granted, Doc. 37. Thomas's second amended complaint concerns only the subpoena fees, alleging under 42 U.S.C. § 1983 that the City's policy violates the Fourteenth Amendment and adding an unjust enrichment claim under Illinois law. Doc. 38. Thomas seeks an injunction prohibiting the City from collecting the fee and damages on behalf of Rosenthal's estate and a putative class of others who have paid the fee. *Id*. at ¶¶ 35, 41, 49,

1

55.  The City moves to dismiss the suit under Rule 12(b)(6).  Doc. 51.  The motion is granted as to the § 1983 claim, and the court exercises its discretion under 28 U.S.C. § 1367(c)(3) to relinquish supplemental jurisdiction over the unjust enrichment claim.

**Background**

In resolving a Rule 12(b)(6) motion, the court assumes the truth of the operative complaint's well-pleaded factual allegations, though not its legal conclusions.  *See Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016).  The court must also consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in Thomas's brief opposing dismissal, so long as those additional facts "are consistent with the pleadings."  *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013) (internal quotation marks omitted).  The facts are set forth as favorably to Thomas as those materials allow.  *See Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016).  In setting forth the facts at the pleading stage, the court does not vouch for their accuracy.  *See Goldberg v. United States*, 881 F.3d 529, 531 (7th Cir. 2018).

On June 25, 2020, Thomas sent a request to the Chicago Police Department under the Illinois Freedom of Information Act, 5 ILCS 140/1 *et seq.*, for records about Rosenthal's death.  Doc. 38 at ¶ 12; Doc. 38-1.  She received no response.  Doc. 38 at ¶ 12.  On July 23, Thomas filed this suit against three unidentified Chicago police officers whom she believed were involved in the death, Doc. 1, and that day caused to be issued a subpoena to the Department seeking the same records, Doc. 38 at ¶ 15; Doc. 38-4.  On August 4, Thomas moved to compel compliance with the subpoena.  Doc. 6.  The court granted that motion the next day and ordered

the City—as the Department is not a suable entity separate from the City, *see Courtney v. City of Chicago*, 439 F. App'x 557, 558 (7th Cir. 2011)—to comply. Doc. 7.

Also on August 5, Thomas received a notice from the City that it charges a $45 fee to comply with a subpoena issued in a federal civil case. Doc. 38 at ¶ 16; Doc. 38-5. Thomas immediately paid the $45 fee, though she stated that her payment was made "over objection and under duress." Doc. 38 at ¶ 17; Doc. 38-6.

## Discussion

Thomas claims that the City's subpoena fee policy violates the Fourteenth Amendment, and she seeks damages to remedy that violation on behalf of Rosenthal's estate and a putative class of others who have paid the fee. Doc. 38 at ¶¶ 22-34, 46-47, 49. Thomas has standing to seek monetary relief: The estate's alleged injury was $45, the subpoena fee policy caused that injury, and an order to return the $45 would redress the injury. *See Czyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973, 983 (2017) ("For standing purposes, a loss of even a small amount of money is ordinarily an 'injury.'"); *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000) (holding that, to demonstrate standing, a plaintiff must show an "injury in fact" that is "traceable to the challenged action" and that could be "redressed by a favorable decision"). This court therefore has jurisdiction to rule on the merits of Thomas's § 1983 claim. *See Warth v. Seldin*, 422 U.S. 490, 498 (1975) ("In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues.").

Although the claim appears to sound in the register of procedural due process, *id*. at ¶¶ 23, 30, Thomas clarifies in opposing dismissal that she now relies solely on an access-to-courts theory, Doc. 60 at 1-8. At the motion hearing, the court asked Thomas whether she asserts any federal claim other than her access-to-courts claim, and Thomas confirmed that she

does not.  Doc. 64.  Thomas certainly did not forfeit an access-to-courts theory by failing to expressly reference it in her complaint.  *See Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 561 (7th Cir. 2011) ("A complaint need not plead legal theories.")  But she has forfeited, or perhaps even waived, any *other* constitutional theories by disclaiming them in opposing the City's motion to dismiss.  *See G & S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012) ("We have repeatedly held that a party waives an argument by failing to make it before the district court.  That is true whether it is an affirmative argument in support of a motion to dismiss or an argument establishing that dismissal is inappropriate.").

So only the access-to-courts claim remains, and that claim fails as a matter of law.  As the Seventh Circuit recently explained, the Supreme Court has "bifurcated access-to-court claims into two categories: 'forward-looking,' and … 'backward-looking' claims."  *Harer v. Casey*, 962 F.3d 299, 306 (7th Cir. 2020) (quoting *Christopher v. Harbury*, 536 U.S. 403, 413-14 & n.11 (2002)).  A forward-looking claim alleges "that official action is presently denying an opportunity to litigate for a class of potential plaintiffs" and seeks "to place the plaintiff in a position to pursue a separate claim for relief once the frustrating condition has been removed."  536 U.S. at 413.  The complaint does not allege that Thomas plans to file any future suit for which she will need to serve a subpoena on the City.  As for this suit, with the City now a defendant—which it was not when she served her subpoena the day she filed suit against the three then-unidentified officers—Thomas could pursue discovery against the City under Civil Rules 26-37, without resort to Rule 45.  It follows that her access-to-courts claim is not forward-looking.  *See In re Maxy*, 674 F.3d 658, 661 (7th Cir. 2012) (dismissing a forward-looking access-to-courts claim where the plaintiff did not identify "the underlying legal claims frustrated by the [obstacle]").

4

"Backward-looking claims," by contrast, "concern 'specific cases that cannot now be tried (or tried with all material evidence), no matter what official action may be in the future.'" *Harer*, 962 F.3d at 307 (quoting *Christopher*, 536 U.S. at 413-14). The elements of a viable backward-looking claim are: "(1) a nonfrivolous, underlying claim; (2) the official acts frustrating the litigation; and (3) a remedy that may be awarded as recompense but that is not otherwise available in a suit or settlement." *Id*. at 308.

On the first element, Thomas points to her excessive force claim as the nonfrivolous, underlying claim. Doc. 60 at 4. She does not mention, however, that she voluntarily dismissed that claim after concluding that she lacked "sufficient evidence to proceed in good faith with her claim for excessive force." Doc. 35 at ¶ 4. Thomas has thus conceded that the claim proved frivolous upon further investigation. Her backward-looking access-to-courts claim fails on this ground alone.

In addition, on the second element, Thomas has no plausible claim that the $45 subpoena fee frustrated her ability to pursue her excessive force claim. Thomas paid the fee without delay on August 5, received the information she needed regarding the identities of the three officers, and filed an amended complaint naming the officers, and the officers and the City answered the excessive force claim. Docs. 38-6, 8, 20, 22. When a plaintiff successfully overcomes obstacles and presents her claim, she cannot then prosecute a derivative access-to-courts claim, as her access to the courts has not been frustrated. *See Vasquez v. Hernandez*, 60 F.3d 325, 329 (7th Cir. 1995) (holding that, although a "deplorable" police cover-up delayed the filing of the underlying claims, the plaintiffs' "constitutional rights were ultimately preserved" because they were able to file the underlying suit within the statute of limitations).

On a more fundamental level, a $45 subpoena fee cannot possibly violate the right of access to courts, at least under the circumstances presented here. When Thomas brought this suit, it cost $400 to file a civil case in federal court. *See* 28 U.S.C. § 1914 (directing the clerk of each district court to charge a $350 filing fee plus any additional fee prescribed by the Judicial Conference of the United States); Jud. Conf. of the U.S., Report of the Proceedings of the Judicial Conference of the United States, Sept. 11, 2012, at 13, https://www.uscourts.gov/sites/default/files/2012-09.pdf (imposing an additional $50 fee effective May 1, 2013). If Thomas were correct that a $45 fee violates the Constitution, then the filing fees authorized by Congress and implemented by the courts certainly would as well. But they do not, as the Seventh Circuit held in upholding the Prison Litigation Reform Act's three-strikes rule, 28 U.S.C. § 1915(g), which generally bars prisoners from proceeding *in forma pauperis* after three of their suits have been dismissed. *See Lewis v. Sullivan*, 279 F.3d 526, 528 (7th Cir. 2002) ("Federal courts are subsidized dispute-resolvers; filing fees defray only a small portion of the costs. A requirement that plaintiffs cover *some* of these costs cannot be called unconstitutional. The Supreme Court has never held that access to the courts must be free; it has concluded, rather, that reasonably adequate opportunities for access suffice."). The access-to-courts claim therefore fails.

In urging the contrary result, Thomas argues that Civil Rule 45 does not authorize the City's $45 subpoena fee. Doc. 60 at 2. But the right of access to courts flows from the Constitution, not the civil rules. *See Christopher*, 536 U.S. at 415 n.12 (noting that the access-to-courts right inheres in, among other constitutional provisions, the First Amendment's Petition Clause and the Fourteenth Amendment's Due Process Clause). It follows that Thomas's argument does not bolster her access-to-courts claim, but instead suggests an attempt to enforce

6

the civil rules themselves against the City. That attempt fails as a matter of law because the civil rules do not confer substantive rights. *See* 28 U.S.C. § 2072(a)-(b) (providing that the "rules of practice and procedure … shall not abridge, enlarge or modify any substantive right"); *Turubchuk v. S. Ill. Asphalt Co.*, 958 F.3d 541, 549 (7th Cir. 2020) (overturning a verdict for negligent misrepresentation where the district court relied on Civil Rule 26 to supply the duty of care, reasoning that the Rules Enabling Act does not allow the rules to expand substantive rights). Thomas cannot sue under § 1983 to enforce her interpretation of Rule 45.

Only Thomas's claim for unjust enrichment under Illinois law remains, Doc. 38 at ¶¶ 36-41, and because the parties are not of diverse citizenship, the only basis for jurisdiction over that claim is the supplemental jurisdiction under 28 U.S.C. § 1367(a). Section 1367(c)(3) provides that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if … the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "As a general matter, when all federal claims have been dismissed prior to trial, the federal court should relinquish jurisdiction over the remaining [supplemental] state claims." *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007); *see also Dietchweiler ex rel. Dietchweiler v. Lucas*, 827 F.3d 622, 631 (7th Cir. 2016) (same). That general rule has three exceptions: "when the [refiling] of the state claims is barred by the statute of limitations; where substantial judicial resources have already been expended on the state claims; and when it is clearly apparent how the state claim[s] [are] to be decided." *Williams*, 509 F.3d at 404; *see also RWJ Mgmt. Co. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 480 (7th Cir. 2012) (same).

None of the exceptions applies here. First, if this court relinquishes supplemental jurisdiction over the unjust enrichment claim, Illinois law would give Thomas one year to refile

the claim in state court if its limitations period expired while the case was pending here. *See Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 515 (7th Cir. 2009) (citing 735 ILCS 5/13-217); *Davis v. Cook Cnty.*, 534 F.3d 650, 654 (7th Cir. 2008) (same). Second, substantial federal judicial resources have not yet been committed to the unjust enrichment claim. Third, it is not "absolutely clear how the [supplemental] claim[] can be decided." *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994). Because no exception applies, relinquishing jurisdiction over the claim is the appropriate course under § 1367(c)(3). *See Dietchweiler*, 827 F.3d at 631; *RWJ Mgmt. Co.*, 672 F.3d at 479-82.

## Conclusion

Thomas's § 1983 claim is dismissed under Rule 12(b)(6), and the court exercises its discretion under 28 U.S.C. § 1367(c)(3) to relinquish its supplemental jurisdiction over her unjust enrichment claim. The City also filed a Rule 12(b)(1) motion arguing that Thomas lacked standing to seek an injunction against the City's policy through her § 1983 claim. Doc. 51 at ¶ 3; Doc. 52 at 4-6. That motion is denied as moot. As noted, Thomas had standing to pursue a damages remedy on her § 1983 claim, which allowed the court to consider the claim's merits under Rule 12(b)(6). With the § 1983 claim dismissed on the merits, there is no need to decide whether Thomas would have had standing to pursue injunctive relief had the claim survived dismissal. *See Arreola v. Godinez*, 546 F.3d 788, 795 (7th Cir. 2008) ("While it is true that [the plaintiff] may no longer be entitled to all types of relief that he requested, the law does not preclude a plaintiff from filing suit simply because some forms of relief may be unavailable, or indeed because in the end he cannot prove that he is entitled to any relief.").

The dismissal of the § 1983 claim is with prejudice, as Thomas has already filed three complaints in this case. *See Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818-19 (7th Cir. 2013)

("The Bank insists that the district judge abused his discretion by dismissing the complaint with prejudice rather than allowing it to try again. But in court, as in baseball, three strikes and you're out."); *Agnew v. NCAA*, 683 F.3d 328, 347 (7th Cir. 2012) (affirming dismissal with prejudice after the "plaintiffs had three opportunities to identify a relevant market in which the NCAA allegedly committed violations of the Sherman Act"); Doc. 37 ("The court will view any future motions for leave to amend with a far more critical eye."). Moreover, Thomas does not request further leave to amend, and the court can discern no amendment that would cure the flaws in her § 1983 claim. *See Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 335 (7th Cir. 2018) ("Nothing in Rule 15, nor in any of our cases, suggests that a district court must give leave to amend a complaint where a party does not request it or suggest to the court the ways in which it might cure the defects. To the contrary, we have held that courts are within their discretion to dismiss with prejudice where a party does not make such a request or showing."); *Gonzalez-Koeneke v. West*, 791 F.3d 801, 808 (7th Cir. 2015) ("A district court acts within its discretion in … dismissing a complaint with prejudice … when the plaintiff fails to demonstrate how [an] amendment would cure the deficiencies in the prior complaint."). Judgment will be entered in the City's favor and against Thomas.

May 13, 2021

_____
United States District Judge